1  Thomas M. Waitkus
   18899 N. 77th Ave
2  Glendale, Arizona  85308
   twaitkus@yahoo.com
3  In Pro Se

4
5

**FILE ON DEMAND**
**FOR THE RECORD**

6
7
8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

9
10

**Thomas M. Waitkus**, individual,

11

**Plaintiff,**

12

vs.

13

**West Asset Management, Inc.,** a
corporation, et al,

14
15

**Defendant(s).**

16

Case No. **CV-15-01124-PHX-ROS**

**PROPOSED CASE**
**MANGEMENT PLAN**
**Fed. R. Civ P. 26(f)**

17
18

**PROPOSED CASE MANAGEMENT PLAN**

19
20  A.    **Meeting:**  *Pro Se* Plaintiff Thomas M. Waitkus ("Plaintiff"), files this PROPOSED

21  CASE MANAGEMENT PLAN as a result of communication with Defendant, West Asset

22  Management, Inc. ("WAM") Counsel of Record, Damian P. Richard.

23  B.    **Initial Disclosures:**  Plaintiff mistakenly filed his FRCP 26(a)(1) disclosure on

24  8/6/2015 *(See Docket #7)*.  Plaintiff will file a replacement initial disclosure on or before the

25  deadline set by the parties.   Plaintiff respectfully requests this Court to instruct the Clerk of the

26
27
28

Court to strike Document #7 of the docket as it was filed in error.  The Parties are to file initial disclosures on or before October 2, 2015.

C.    **Parties:**  *Pro Se* Plaintiff Thomas M. Waitkus and Defendant, West Asset Management, Inc., et al., counsel of record is Damian P. Richard.  Other parties may be added upon completion of discovery.

D.    **Nature of Case:**  Plaintiff's complaint arises from numerous calls he received on his cellular phone number from Defendant using an automatic telephone dialing system ("ATDS") without the express consent of Plaintiff and absent a business relationship between the parties, in violation of the TCPA at 47 U.S.C. § 227 (b)(1) and 47 U.S.C. § 227 (c)(5).  Plaintiff also contends that the calls were harassing and abusive, therefore violating the FDCPA at 15 U.S.C. § 1692 d.  Defendant admits to placing calls to Plaintiff's phone in an attempt to collect an alleged debt, however, Defendant claims to have Plaintiff's express prior consent to place calls to Plaintiff.  Defendant contends all calls were initiated without the use of ATDS equipment having the capacities defined in the TCPA.  Defendant further denies calls made to Plaintiff violated the FDCPA as harassing or abusive.

E.    **Jurisdiction**:  Jurisdiction exists pursuant to 28 U.S.C. § 1391(b)

F.    **Service Status**:  Plaintiff has served Defendant.  Defendant has filed an Answer.

G.    **Possible Joinder of Additional Parties and/or Amended Pleadings**:  The Parties do not anticipate joining additional parties at this time.  Plaintiff may amend his complaint during or following discovery.  Defendant does not anticipate filing any amended pleadings.

H.    **Anticipated Motions**:  Plaintiff anticipates filing a motion for summary judgment as Plaintiff did not give Defendant his prior express consent to contact him via his cellular phone, and the parties had no business relationship prior to the initial phone call.

Defendant does not anticipate filing any motions at this time.

I.      **Reference to Magistrate Judge**:  The Parties consider a Magistrate Judge may be suitable for settlement, however, Plaintiff refuses to waive his right to a trial by jury at this time.

J.      **Related Cases:**   There are no related cases.

K.      **Anticipated Discovery**:  Plaintiff anticipates needing discovery on the following items/issues:

1.      All correspondence with Plaintiff, relating to Plaintiff;  Any and all recordings, audio, video or still photographs, relating to the Plaintiff;

2.      Any electronic media relating to Plaintiff;

3.      Defendant's internal account notes, records, logs, transcripts, and bates records relating to Plaintiff;  All electronically stored information ("ESI") in an acceptable form.  Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought;  Metadata;

4.      The identity of individuals with special knowledge of Defendant's computer and telephone systems;

5.      Any and all correspondence with third parties relating to Plaintiff or any alleged accounts of the Plaintiff;

6.      Any and all information relating to and including, but not limited to, computers, software, hardware, owners manuals, instruction manuals, photos, and a complete description of telephone equipment or automated telephone dialing systems used by

Defendant to initiate or make phone calls to Plaintiff during the time Defendant placed calls to Plaintiff's wireless phone;

7.      Defendant anticipates needing discovery on the following issues:  Plaintiff's claimed expenses;

8.      Phone records of Plaintiff's subscription service in connection with the use of Plaintiff's wireless phone;

L.   **Proposed Schedule**

   i.      Initial Disclosures:   10/2/2015

   ii.     Motions to Add Parties or Amend Pleadings:  12/2/2015

   iii.    Disclosure of Expert Reports:  3/11/2016

   iv.     Discovery Deadline:  4/12/2016

   v.      Dispositive Motions:  5/2/2016

   vi.     Meeting *In Person* to Prepare Joint Final Pretrial Statement : 8/19/2016

   vii.    Joint Final Pretrial Statement:  8/31/2016

   viii.   Trial term begins;  10/12/2016

   ix.     Estimated length of trial:  2 days

M.   **Jury Request**

Plaintiff has demanded a trial by jury; it is not contested.

N.   **Prospects of Settlement**

The Parties have initiated informal settlement discussions.  A settlement conference may be requested upon completion of initial discovery.  The parties anticipate that a preliminary pre-trial conference is not needed at this time because they expect to promptly resolve these disputes without assistance of the Court.

O.    **Other Matters**

Plaintiff mistakenly filed a document titled "PLAINTIFF'S RULE 26(a)(1) DISCLOSURES" which is recorded in the docket as *document #7* and recorded as "REPORT of Rule 26(f)".  Referenced document does not satisfy the requirements of the proposed Rule 26(f) Conference of the Parties, since it preceded the Case Management Report, therefore, Plaintiff respectfully requests that document #7 of the docket be stricken from the record at this time.  Plaintiff will file an amended or revised version of his Rule 26(a)(1) disclosures as indicated no later than October 2, 2015.

Plaintiff notified and provided a copy of this proposed report to Defendant, however, Defendant was unavailable to approve this Proposed Case Management Plan, therefore, Plaintiff files without Defendant's signature.

Plaintiff has attempted to carefully draft this report in compliance with the FRCP, however, Plaintiff respectfully requests this Court consider Plaintiff's *pro se* status and less experience in these matters and to recognize substance is more important than form.

Dated this 4th day of September, 2015                    Respectfully Submitted,

Thomas M. Waitkus, Plaintiff
*in pro se*

## CERTIFICATE OF SERVICE

This is to certify that an original and copy of PROPOSED CASE MANAGEMENT PLAN (USDC AZ, Case # CV-15-01124-PHX-ROS) has been sent to the following:

**ORIGINAL** and **COPY** of the foregoing
<u>Sent via first class mail and filed with the Clerk of the Court</u>:

Brian D. Karth, Clerk of the Court
401 W Washington Street, Suite 130, SPC 1
Phoenix, AZ  85003-2118

**COPY** <u>mailed</u> to:

SESSIONS. FISHMAN, NATHAN & ISRAEL, L.L.P.
Attn:  Damian P. Richard, Esq. (#028477)
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426

<u>Sent via</u> United States Postal Service® First-Class Mail®.

Dated:  September 4, 2015

By: _____

CERTIFICATE OF SERVICE